UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Allen C. Poteat, # 289289, | ) C/A No. 0:07-3342-TLW-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Trey Gowdy; Marc Kitchens; Thomas A.M. Boggs; Donnie Willingham, | ) |
| Defendants. | ) |

       The plaintiff, an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC), has filed this action pro se. The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of alleged errors on the "sentencing sheet" issued by the Court of General Sessions for Spartanburg County with respect to three hundred fifty-one (351) days of "jail time" credit. Defendant Trey Gowdy is the Solicitor for the Seventh Judicial Circuit of South Carolina, Defendant Donnie Willingham is an Assistant Solicitor in the Office of the Seventh Circuit Solicitor, Defendant Marc Kitchens is the Clerk of Court for Spartanburg County, and Defendant Thomas Boggs is the plaintiff's former attorney.

       Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v.*

1



*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).

As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972), *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, this § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The plaintiff states that he was arrested on December 17, 2001, for three armed robberies.  With respect to the first of the three charges, the plaintiff was convicted of a lesser-included offense (common law robbery) on December 3, 2002, and was sentenced to fifteen years

---

[1]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



in prison, suspended to five years, and three years probation with 351 days of jail time credit. According to the plaintiff, he went "back to court" on the two remaining charges (robbery and assault and battery of a high and aggravated nature) on September 22, 2003, and received a sentence of ten (10) years to run concurrently with the sentence imposed on December 3, 2002.[2] Plaintiff alleges that, unlike the sentencing form for the first charge (which had a "back date" of December 17, 2001), the sentencing form for the two other charges listed "12-03-02" as the "back date."

The plaintiff states that he has filed an application for post-conviction relief, a grievance with the SCDC, and an "appeal" to the South Carolina Administrative Law Court, but has been unable to obtain relief. Plaintiff alleges that he has also filed motions with the Clerk of Court for Spartanburg County and has telephoned and written the Solicitor's office, but has not received any response. In his prayer for relief, plaintiff seeks damages of $50,000 for "physical damages" and $50,000 for punitive damages.

Since the plaintiff is challenging an alleged error on the sentencing form for his convictions for robbery and assault and battery of a high and aggravated nature (ABHAN), this case is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

---

[2] The SCDC website (www.doc.sc.gov) indicates that the plaintiff is currently serving a ten-year sentence for assault and battery of a high and aggravated nature (ABHAN).



> make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir.) (plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, *Candela v. Woods*, 516 U.S. 808 (1995); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D. Ill., February 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir.), *cert. denied*, *Wambaugh v. Smith*, 519 U.S. 1041 (1996).

Until the plaintiff's sentence imposed on September 22, 2003 is set aside, any civil rights action based on the convictions, sentence, and related matters will be barred because of the holding in *Heck v. Humphrey*, *supra*.

Further, even if Plaintiff's claims were not barred by Heck, Marc Kitchens, the Clerk of Court for Spartanburg County, is immune from suit because of quasi judicial immunity. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981).³ In *Mourat v. Common Pleas Court of Lehigh*

---

³The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters,
(continued...)

4



*County*, the district court, in a ruling from the bench, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune."  We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)].  If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D. Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D. Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County, supra*, 515 F. Supp. at 1076.  *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

Solicitor Gowdy and Assistant Solicitor Willingham are also immune from suit insofar as their actions in the plaintiff's criminal case are concerned.  Prosecutors, such as Solicitor Gowdy and Assistant Solicitor Willingham, have absolute immunity for activities in or connected

---

³(...continued)
and other judicial adjuncts[.]'"  *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, *Sceifers v. Vail*, 506 U.S. 1062 (1993), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989).  *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995), which overruled a 1972 case holding that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings.  The case overruled by *Pink v. Lester* was *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972).



with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).  Moreover, prosecutorial immunity will extend to the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-315 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-369 & nn. 3-4 (7th Cir. 1992), *cert. denied*, *Partee v. Houston*, 507 U.S. 1005 (1993).

Finally, the plaintiff's former attorney who represented him at trial, Thomas A. M. Rogers, is subject to summary dismissal because he has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). Although the plaintiff does not disclose whether Mr. Thomas was retained or court-appointed, it is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney), *cert. denied*, 454 U.S. 1141 (1982); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public



defender).⁴ *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).⁵

In any event, even if the plaintiff had alleged a conspiracy on the part of his former attorney with the other defendants, such allegations will not defeat the applicability of *Heck v. Humphrey*. *See Parra v. New Hampshire*, 40 F.3d 1235 [Table], 1994 U.S.App. LEXIS® 31915,

---

⁴The General Assembly of the State of South Carolina has recently replaced the county-based public defender system with a Circuit-based system. *See* the Indigent Defense Act, 2007 S.C. Acts 108 (effective after the General Assembly's override of the Governor's veto on June 21, 2007), which establishes a "Circuit Defender" system. The Preamble to the Act reads as follows:

> Whereas, the General Assembly finds that it is necessary to establish a statewide unified indigent defense system to provide effective assistance of counsel to indigent criminal defendants; and
>
> Whereas, the General Assembly believes it is necessary to establish parity in benefits and salaries between prosecution and defense systems; and
>
> Whereas, the General Assembly desires to ensure that the system is free from undue political interference and conflict of interest; and
>
> Whereas, the General Assembly wishes to provide for the delivery of public defender services by qualified and competent counsel in a manner that is fair and consistent throughout the State; and
>
> Whereas, the General Assembly's ultimate goal is to ensure that adequate public funding of a statewide public defender system is provided and managed in a fiscally responsible manner.

(2007 S.C. Acts 108).

⁵*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).



1994 WESTLAW® 637001 (1st Cir., November 15, 1994), where the United States Court of Appeals for the First Circuit commented:

> Given that there is no cause of action under § 1983 against the state actors, even proper allegations of conspiracy would not suffice to bring the private actors or the immune parties within the ambit of § 1983.  Therefore, even if appellant's complaint had included more than conclusory allegations of collusion and conspiracy between private defendants, the prosecutors and local officials – which it did not – the § 1983 claims against those parties would still be foreclosed by *Heck*.

*Parra v. New Hampshire*, 1994 U.S.App. LEXIS® 31915 at *6, 1994 WESTLAW® at *2. *See also Gernard v. Idhe*, 1995 U.S. Dist. LEXIS® 2607, 1995 WESTLAW® 91326, *2 (N.D.Cal., February 28, 1995) ("There is no way that plaintiff can allege a massive conspiracy, in which over ten individuals conspired to convict him with fabricated and altered evidence, without simultaneously calling the integrity of his conviction into question."); and *Pinnick v. Mellen*, 1995 U.S.Dist. LEXIS® 2883, *1, 1995 WESTLAW® 96923, *9 (D. Mass., February 28, 1995) (suit by prisoner against his former defense attorney: "The United States Supreme Court has made it clear that before a prisoner can seek injunctive or monetary relief that would call into question the validity of the conviction or sentence, he must have the conviction or sentence discredited by a state tribunal or by a writ of habeas corpus."). *Cf. Stubbs v. Hunter*, 806 F. Supp. 81, 82-83 (D.S.C. 1992); *Wetherington v. Phillips*, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), *affirmed*, 526 F.2d 591 (4th Cir. 1975)[Table]; and *Joyner v. Abbott Laboratories*, 674 F. Supp. 185, 191 (E.D.N.C. 1987).



**Recommendation**

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  Since three defendants in this case are immune from suit and the plaintiff seeks monetary damages from them, this case is encompassed by 28 U.S.C. § 1915A(b)(2).  Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

The plaintiff's attention is directed to the Notice on the next page.

October 11, 2007                                Bristow Marchant
Columbia, South Carolina                        United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

